IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT HAWKINS and ASHLYN V. SAUNDERS/HAWKINS,        Plaintiffs, | : CIVIL ACTION : : : |
| v. | : |
| ROXANNE LLOYD, BRIAN LLOYD, STATE OF PENNSYLVANIA, CUMBERLAND COUNTY NEW JERSEY, CITY OF PHILADELPHIA, OFFICER SUMMERS, Badge #3062, and OFFICER STEPHENS, Badge #7551,        Defendants. | : NO. 12-4626 : : : : : : : |

FILED
SEP 28 2012
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**MEMORANDUM**

**DUBOIS, J.**                                                                                       **SEPTEMBER 27, 2012**

The plaintiffs have filed a pro se 42 U.S.C. § 1983 civil rights lawsuit against the sister and brother-in-law of plaintiff, Ashlyn v. Saunders/Hawkins, the State of Pennsylvania, Cumberland County, New Jersey, the City of Philadelphia and two Philadelphia police officers.[1] Their complaint consists of a recitation of domestic disputes that began in June of 2009. In their prayer for relief, they are requesting, in essence, that criminal charges be brought against some of the defendants and money damages.

With their complaint, the plaintiffs filed requests for leave to proceed in forma pauperis, which are hereby granted. However, plaintiffs' complaint will be dismissed pursuant to 28 U.S.C. § 1915(e), for the reasons which follow. The plaintiffs will not be given leave to amend because amendment would be futile.

In order to bring suit under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. West v. Atkins, 487

---

1.  The plaintiffs have added Jennifer Webb-McRae, Prosecutor, Harold B. Shapiro, First Assistant Prosecutor and Andrew Johns, Assistant as defendants on page two (2) of the complaint. However, they are required to list all of their defendants in the caption of the complaint in accordance with Rule 10 of the Federal Rules of Civil Procedure. Furthermore, the complaint does not contain any specific references to these individuals. Therefore, they will not be considered as defendants in this civil action.

U.S. 42 (1988). There are no allegations in the complaint that would allow this Court to find that Roxanne Lloyd and Brian Lloyd are state actors. Therefore, plaintiff cannot bring a § 1983 action against these defendants.

The United States Constitution prohibits actions for damages against a state in federal court unless the state has waived its immunity. U.S. Const. amend. XI; Edelman v. Jordan, 415 U.S. 651, 663 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment"). There is no waiver of state immunity applicable to this case. Moreover, the United States Supreme Court has held that "[a] state is not a person within the meaning of § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989). Therefore, plaintiffs' claims against the State of Pennsylvania will be dismissed.

Municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policies, practices, customs, regulations or enactments. Monell v. Department of Social Services, 436 U.S. 658 (1978). Since there are no such allegations in the present complaint, plaintiff's claims against Cumberland County, New Jersey and the City of Philadelphia must be dismissed.

The plaintiffs allege that, on August 14, 2010, Officers Summers and Stevens accompanied them to their former residence to remove their personal property in accordance with an Order that was issued by a Judge of the Philadelphia Municipal Court. However, upon their arrival at the property they were served with a copy of another order that was issued by a Family Court Judge, which prohibited them from entering the property to remove their belongings. Although the plaintiffs were dissatisfied because Officers Summers and Stevens ordered them to leave the property in accordance with the Order that was issued by the Family Court Judge, this does not state a violation of their constitutional rights.

Finally, the plaintiffs are requesting that criminal charges be brought against several of the defendants. A private citizen does not have a judicially cognizable interest in the

criminal prosecution of another. <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619 (1973). Thus, this claim must be dismissed.

An order dismissing the complaint with prejudice follows.